UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GORDON STOCKENAUER,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 2:05-cv-293
HON. R. ALLAN EDGAR

## OPINION AND ORDER MODIFYING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from plaintiff and defendants. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

Defendants first argue that the court should strike the complaint and amended complaint. Defendants' objections are denied. Plaintiff is proceeding *pro se.* As such, his pleadings are subject to less stringent standards than those prepared by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972). The recommendation has summarized the factual claims. Defendants argue that plaintiff's *in forma pauperis* status should be revoked because he cannot show that he was in imminent danger at the time he filed his complaint or amended complaints in this matter. Plaintiff has claimed that defendants were involved in having a prisoner

with Hepatitis assault plaintiff. Plaintiff alleges that defendants have threatened to have plaintiff assaulted again. Plaintiff has satisfied his burden of alleging imminent danger at the time he filed his complaint.

Defendants' assertion of the total exhaustion defense has been foreclosed by the United States Supreme Court's recent decision rejecting a total exhaustion requirement. *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007). Moreover, in *Jones*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints. The Supreme Court rejected a finding that the PLRA requires a prisoner to specifically name defendants in their grievances. Rather, the Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. Accordingly, exhaustion is satisfied if plaintiff complied with the MDOC grievance procedures. Moreover, the burden is on defendants to show that plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed.

Accordingly, the court rejects that portion of the Recommendation that discusses the exhaustion requirements and concludes that defendant Holman will not be dismissed from this action. However, the claims regarding the September 11, 2005, misconduct charges are properly dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as modified by this order.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Docket #165) is GRANTED IN PART AND DENIED IN PART. Plaintiff's claims with regard to the September 11, 2005, major misconduct ticket are DISMISSED. Defendants' motion is DENIED on all remaining issues.

IT IS FURTHER ORDERED that plaintiff's motion for joinder of remedies and claims (Docket #183) is DENIED.


Dated:   4/5/07                                                              /s/ R. Allan Edgar
                                                                            R. ALLAN EDGAR
                                                                            UNITED STATES DISTRICT JUDGE